# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 14-CR-28-LRR |
| vs. | **ORDER** |
| JAMIE GOAD, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Jamie Goad's "Motion to Dismiss for Lack of Jurisdiction/Failing to State an Offense" ("Motion") (docket no. 9).

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On December 23, 2010, Defendant was sentenced to twenty-four months' imprisonment and three years of supervised release for possession of a firearm after a conviction for a misdemeanor crime of domestic violence. *See United States v. Goad*, 10-CR-44-LRR, Judgment (docket no. 37). On June 14, 2012, Defendant's release was revoked and Defendant was sentenced to eleven months' imprisonment. *Id.* Judgment (docket no. 52). On June 4, 2013, Defendant's release was again revoked and he was sentenced to five months' imprisonment and he was ordered to reside in a residential reentry center for a period of up to 120 days following release from prison. *Id.* Judgment (docket no. 64). On December 11, 2013, Defendant left the residential reentry center without permission and did not return. Defendant's release was again revoked and he was sentenced to twenty-four months' imprisonment with no supervised release to follow. *Id.* Judgment (docket no. 76).

On February 25, 2014, the grand jury returned a one-count Indictment (docket no. 2) against Defendant. The Indictment charged Defendant with knowingly escaping from

an institution or facility in which he was lawfully confined in violation of 18 U.S.C. § 751(a). On March 27, 2014, Defendant filed the Motion. On April 1, 2014, the government filed a Resistance (docket no. 10). The Motion is fully submitted and ready for decision.

## III. ANALYSIS

### A. Parties' Arguments

In the Motion, Defendant moves pursuant to Federal Rule of Criminal Procedure 12(b) and argues that 18 U.S.C. § 751(a) does not apply to him and the court should dismiss the Indictment because he was not in "custody" for purposes of 18 U.S.C. § 751(a) while he was residing at a residential reentry center ("RRC"). Defendant contends that the court should "follow the Ninth Circuit [Court of Appeals's] interpretation of the term 'custody'" by "drawing a two-part critical distinction[:] . . . whether the individual was in the custody of the Attorney General and whether the conditions of release more closely resemble incarceration or probation." Brief in Support of the Motion (docket no. 9-1) at 2. Defendant urges the court to further conclude, consistent with the Ninth Circuit, that residence at an RRC does not constitute "custody" under the statute.

The government argues that Defendant was in "custody" while residing at the RRC, and the court should follow the Tenth and Second Circuits Courts of Appeals' holdings that residence at an RRC constitutes "custody" under the statute.

### B. Applicable Law and Application

Federal Rule of Criminal Procedure 12(b) provides that a defendant may move before trial to "alleg[e] a defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B). "[T]o be valid, an indictment must allege that the defendant performed acts which, if proven, constitute the violation of law for which he [or she] is charged. If the acts alleged in the indictment do not constitute a violation of law, the indictment is properly dismissed."

2

*United States v. Polychron*, 841 F.2d 833, 834 (8th Cir. 1988). The statute at issue provides:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 751(a). The Eighth Circuit Court of Appeals has not directly addressed whether residence at an RRC following a period of incarceration amounts to "custody" under 18 U.S.C. § 751(a), though it stated in dicta that "required residence in a halfway house is not considered 'custody' for . . . the felony of escape from custody under 18 U.S.C. § 751." *Hayes v. United States*, 281 F.3d 724, 725 (8th Cir. 2002).

The Ninth Circuit held that a defendant was not in "custody" under the statute when he absconded from an RRC because he "was not serving a prison sentence, nor was he confined to [the RRC] under conditions equivalent to custodial incarceration." *United States v. Burke*, 694 F.3d 1062, 1064 (9th Cir. 2012). The *Burke* court stated that its "approach is supported by the rule of lenity, which requires us to resolve ambiguity in favor of the defendant and give effect to the more lenient construction of the term 'custody.'" *Id.* at 1065. The Ninth Circuit also appeared to distinguish between cases where defendants were in Bureau of Prison ("BOP") custody and cases where defendants were not in BOP custody. *See id.*

3

In contrast, both the Second Circuit and the Tenth Circuit have held that a person is in "custody" under the statute when they are required to reside in an RRC as a condition of supervised release. *See United State v. Edelman*, 726 F.3d 305, 309-10 (2d Cir. 2013); *United States v. Sack*, 379 F.3d 1177, 1181 (10th Cir. 2004).

The court finds the reasoning of the Second Circuit and the Tenth Circuit to be persuasive. Rather than applying only to a defendant's escape from a specific type of custody such as incarceration, the statute applies more broadly to "*any* custody under or by virtue of any process issued under the laws of the United States by any court judge, or magistrate judge." 18 U.S.C. § 751(a) (emphasis added). This suggests that Congress intended "custody" to have a broad interpretation. *See Edelman*, 726 F.3d at 309 ("It is significant that the statute applies to 'any custody,' suggesting that the term 'custody' should have a broad interpretation."); *Sack*, 379 F.3d at 1180-81 (holding that "the plain language of the statute allows for a charge of escape based on 'any custody'"). Indeed, "[a]lthough there must be an escape from custody [under § 751(a)], it is not necessary that the escapee at the time of the escape be held under guard or under direct physical restraint or that the escape be from a conventional penal housing unit such as a cell or cell block; the custody may be minimal and, indeed, may be constructive." *United States v. Cluck*, 542 F.2d 728, 731 (8th Cir. 1976); *accord Sack*, 379 F.3d at 1179 ("Custody [for purposes of § 751(a)] may be minimal and, indeed, may be constructive." (quoting *United States v. Depew*, 977 F.2d 1412, 1414 (10th Cir. 1992) (internal quotation mark omitted))). Moreover, this is not a case in which the court should apply the rule of lenity to construe the statute in favor of Defendant, because "'the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute such that the [c]ourt must simply guess as to what Congress intended.'" *United States v. Castleman*, ___ U.S. ___, ___, 134 S. Ct. 1405, 1416 (2014) (quoting *Barber v. Thomas*, 560 U.S. 474, 488 (2010)); *see also United States v. Brooks*,

4

722 F.3d 1105, 1108 (8th Cir. 2013) ("The rule of lenity does not apply unless there is 'grievous ambiguity or uncertainty in the language' of the applicable statute." (quoting *United States v. Speakman*, 330 F.3d 1080, 1083 (8th Cir. 2003))). Congress's inclusion of the word "any" to modify custody simply does not leave a grievous ambiguity as to whether Congress intended the word "custody" to be broadly applied.

As the government points out, § 751(a) prohibits a defendant's escape or attempted escape in four distinct scenarios: when the person is (1) in custody of the Attorney General or his authorized representative; (2) confined in an institution or facility by direction of the Attorney General; (3) in custody under or by virtue of any process issued under the laws of the United States by any court, judge or magistrate judge; and (4) in the custody of an officer or employee of the United States pursuant to lawful arrest. Here, the grand jury charged that Defendant escaped "from custody in . . . an institution or facility in which he was lawfully confined under the laws of the United States pursuant to court order by virtue of a judgment and commitment of [the court]." Indictment at 1. Contrary to Defendant's assertion, the court need not consider whether Defendant was in the custody of the Attorney General because the government alleges he was in custody by virtue of a process issued under the laws of the United States by a court. The only question, then, is whether Defendant was in custody, and because the court has concluded that Defendant was in custody when he was ordered to reside at the RRC, the court shall deny the Motion.

## IV.  CONCLUSION

In light of the foregoing, Defendant Jamie Goad's "Motion to Dismiss for Lack of Jurisdiction/Failing to State an Offense" (docket no. 9) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 28th day of April, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA